**Order entered April 14, 2021**



**In The**

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00861-CR**
**No. 05-20-00862-CR**

**RAYAN DHANES GANESH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-76113-S & F16-76111-S**

**ORDER**

After the trial court's judgments were signed on September 14, 2020, appellant filed notices of appeal. The clerk's records were filed on October 30, 2020. By letter dated January 5, 2021, we notified the trial court that the certifications of appellant's right to appeal were missing from the clerk's records and requested they be completed and filed by January 19, 2021. When they were not filed, we sent a second letter dated February 4, 2021, asking for a status of the missing certifications of appellant's right to appeal. We did not receive a response.

On March 22, 2021, we ordered the trial court to file the certifications by April 5, 2021. To date, we have had no response from the trial court, and the district clerk has informed us that the certifications have not been filed.

Rule 25.2 of the appellate rules provides:

> (d) Certification of Defendant's Rights of Appeal. If the defendant is the appellant, *the record must include the trial court's certification of the defendant's right of appeal* under Rule 25.2(a)(2). The certification shall include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a pro se petition for discretionary review. This notification shall be signed by the defendant, with a copy given to him. The certification should be part of the record when notice is filed, but may be added by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule 34.5(c)(2). The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules.

TEX. R. APP. P. 25.2(d) (emphasis added); see also TEX. R. APP. P. 25.2(a)(2) ( "The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order other than an order appealable under Code of Criminal Procedure Chapter 64.").

These appeals cannot proceed without the rule 25.2 certifications of appellant's right to appeal. We **ORDER** the trial court to complete a certification of appellant's right to appeal in each of the above cases and to cause those certificates to be filed with this Court in supplemental clerk's records within **FIFTEEN DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable Amber Givens, Presiding Judge, 282nd Judicial District Court; to Felicia Pitre, Dallas County District Clerk; to Christina O'Neil, Senior Staff Attorney Criminal District Courts; to J. Daniel Oliphant; and to the Dallas County District Attorney's Office, Appellate Division.

/s/    LANA MYERS
        JUSTICE